IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IN RE ALAN WAYNE STREBECK and LINDA JOYCE STREBECK,<br><br>    Debtors,<br>_____<br><br>THOMAS SMITH; SANDRA YEE-SMITH; SUZANNE BECKLES; RONALD BANFORD; and VERONICA BANFORD,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ALAN WAYNE STREBECK; LINDA JOYCE STREBECK; CHRIS CHANDLER; FULL MOON CAPITAL, LLC, a Nevada limited liability company; KENSINGTON HOLDINGS, LLC, a Nevada limited liability company; STREBECK'S SYNERGY GROUP, INC., and DOES 1-50,<br><br>    Defendants. | ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br><br><br><br><br>Case No. 2:13-CV-27<br><br>Judge Dee Benson |

This case is before the court on plaintiffs Thomas Smith and Sandra Yee-Smith's motion for summary judgment. (Dkt. No. 13.) Plaintiffs' motion asserts that defendant Full Moon Capital, LLC, an entity managed by defendants Alan Strebeck and Chris Chandler, "offered and sold investments to plaintiffs," in the form of four promissory notes, in violation of Federal and state securities laws. (Id. at 3.) Plaintiffs seek damages in the amount of $1,196,000, representing the unpaid principal, plus interest, costs and attorney fees. (Id. at 22.)

On November 14, 2013, defendants Alan Strebeck and Linda Strebeck submitted a memorandum in response to plaintiffs' motion in which they expressly "admit the factual allegations as laid out in Plaintiffs' Motion for Summary Judgment." (Dkt. No. 14 at 1.)[1] In light of the Strebeck defendants' factual admissions, the court grants plaintiffs' motion for summary judgment as to these defendants.

The remaining defendants, including Chris Chandler and other corporate defendants, have failed to respond or otherwise oppose plaintiffs' motion for summary judgment. Under these circumstances, and based on the record that is presently before the court, the plaintiffs' motion appears to be well taken against these additional defendants as well.

Accordingly, it is hereby ordered that plaintiffs' motion for summary judgment is GRANTED. The amount of the judgment shall be reduced, however, by any restitution payments made by the defendants to the plaintiffs. See Utah Code Ann. § 77-38a-403 ("[T]he

---

[1] The only issue raised in the Strebeck's response is whether plaintiffs' motion for summary judgment improperly introduces "evidence that the defendant has paid or been ordered to pay restitution." (Dkt. No. 14, Strebeck Defs.' Response at 1-2.) Ironically, however, the Strebecks then request that any judgment entered for plaintiffs' in this case "continually be augmented by any payments made by Defendants pursuant to any alleged restitution order." (Id. at 2.)

court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in the civil action.").

DATED this 10th day of January, 2014.

_____
Dee Benson
United States District Judge